UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAWRENCE WALDMAN, et al.,   Case No. 1:10-cv-238

   Plaintiffs,   Dlott, J.
                  Bowman, M.J.

   v.

KENNETH B. PITCHER,

   Defendant.

**REPORT AND RECOMMENDATION**

Pursuant to local practice, this litigation has been referred to the undersigned magistrate judge for initial consideration of two pending dispositive motions: 1) Plaintiffs' motion to dismiss (Doc. 21); and 2) Defendant's motion for summary judgment (Doc. 22). (*See* Orders of Reference, Docs. 5, 15, 18). Having reviewed the parties' memoranda concerning those motions, I now recommend that Plaintiffs' motion be granted, and that Defendant's motion be denied as moot.

**I. Background**

Following the breakup of a professional accounting firm in 2009, litigation arose between the firm's former shareholders. Plaintiffs initially filed two lawsuits in state court, one in the Hamilton County Municipal Court, and the second in the Hamilton County Court of Common Pleas.[1] In the Municipal Court case, Plaintiffs alleged state law claims for

---

[1]The case pending in the Common Pleas Court is assigned Case No. A 1004877, and asserts claims for defamation, breach of contract, intentional infliction of emotional distress, declaration of rights, conversion, and punitive damages. Court records reflect that the case is presently set for trial in October 2011.

breach of contract and breach of fiduciary duty against Defendant in relation to the administration of a profit sharing plan and associated trust agreement, and Defendant's position as co-trustee of that agreement. (Doc. 3 at ¶5). Citing the preemption clause of ERISA, Defendant removed the Municipal Court case to this Court on April 14, 2010 (Doc. 1). On May 26, 2010, Plaintiffs amended their complaint in order to restate their claims under ERISA. (Doc. 8). Defendant filed an answer to the amended complaint on June 17, 2010 (Doc. 9), and the Court entered a scheduling order on July 29, 2010 (Doc. 12).

On October 22, 2010, Defendant moved to extend the discovery deadline in this case, citing in part a "medical issue with Plaintiff Lawrence Waldman" that prevented the parties from completing depositions prior to the original deadline. (Doc. 13). Defendant's unopposed motion was granted, with the discovery deadline extended to November 24, and the dispositive motion deadline extended to December 10, 2010. The record reflects that Mr. Waldman's deposition was completed on November 18, 2010. Three weeks later, at 1:28 p.m. on the deadline provided by the Court for filing dispositive motions, Plaintiffs filed their motion to voluntarily dismiss. At 3:43 p.m. on the same date, Defendant filed a motion for summary judgment under seal.

Apparently believing that their motion to dismiss would be granted, Plaintiffs initially filed no response to Defendant's motion. However, Defendant filed a response in opposition to Plaintiffs' motion to voluntarily dismiss without prejudice, seeking at a minimum the imposition of costs and attorney fees. Both parties subsequently filed procedural motions, seeking to brief additional issues at the Court's discretion.

On January 12, 2011, the Court granted Defendant's motion for leave to file a sur-reply on or before January 20, 2011, addressing Plaintiff's fully briefed motion to dismiss.

In the same Order, the Court conditionally granted Plaintiffs' motion to permit Plaintiffs to file a belated response in opposition to Defendant's motion for summary judgment, in the event that the Court denied Plaintiffs' motion to dismiss. (Doc. 29). With leave of Court, Defendant filed a sur-reply.[2]

### II. Analysis

### A. Plaintiffs' Motion To Dismiss

Plaintiffs' initial motion to voluntarily dismiss their complaint pursuant to Rule 41(a)(2), Fed. R. Civ. P., failed to contain any written explanation for the dismissal (*see* Doc. 21). However, after Defendant filed its opposition to dismissal in part upon the lack of written explanation (Doc. 23), Plaintiffs set forth the basis for their earlier motion in a reply memorandum (Doc. 24). Defendants then filed a sur-reply (Doc. 26-1).

Plaintiffs explain that this ERISA lawsuit grew out of the original Municipal Court action relating to what Plaintiffs allege were excessive administrative costs of the retirement plan. The original complaint sought a refund of $810.52 in administrative costs, plus attorney's fees under state law theories. (Doc. 3 at ¶¶14, 15). After removal by Defendant, Plaintiffs filed an amended complaint seeking the same modest damages under ERISA. (Doc. 8 at ¶¶14, 15; *see also* Doc. 26-1, Defendant's sur-reply, alleging that "Plaintiffs filed this action over $810.").

Plaintiffs assert that during the pendency of both state and federal lawsuits, Plaintiff Waldman was diagnosed with cancer. Waldman states that it was his recovery from cancer surgery that necessitated the prior extension of discovery in this federal case.

---

[2]Defendant attached the sur-reply to their motion seeking leave to file that document, *see* Doc. 26-1. Although the sur-reply was not separately docketed as such, it has been fully considered.

Ultimately, Waldman's cancer diagnosis "caused [him] to reevaluate his resources and priorities." (Doc. 24 at 2). Given that Waldman's first choice of forums was state court where he initiated suit, and that this federal suit was the result of a removal by Defendants, Waldman decided it was "less stressful and more cost effective" to focus solely on the state court litigation. (*Id.*).

Plaintiffs assert that the sole basis for Defendants' opposition to the voluntary dismissal is to seek attorney fees under the ERISA provision that provides for an award of such fees to a "prevailing party." Indeed, Defendants claim to have incurred substantial fees, despite the relatively brief time span of this litigation.

The determination of whether to grant a voluntary dismissal is within the discretion of the district court, subject to review only for abuse of discretion. *See Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716 (6th Cir. 1994). If a motion to dismiss without prejudice is granted, the rule permits attorney fees to be awarded against the dismissing party for the express purpose of "compensat[ing] the defendant for expenses in preparing for trial in light of the fact that a new action may be brought in another forum." *Spar Gas, Inc. v. AP Propane, Inc.*, 972 F.2d 348, 1992 WL 172129 (6th Cir. 1992)(Table), *quoting Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965). Nevertheless, Rule 41(a)(2) "is not a fee-shifting statute" such that attorney fees are automatically awarded. *Bridgeport Music, Inc. v. Universal-MCA Music Publishing, Inc.,* 481 F.3d 926, 931 (6th Cir. 2007); *see also DWG Corp. v. Granada Investments*, 962 F.2d 1201 (6th Cir. 1992)(noting that although courts frequently impose defense costs on plaintiffs granted a dismissal without prejudice, "no such requirement or rule exists in this or in any other Circuit."). When a defendant opposes voluntary dismissal and seeks the imposition of costs and attorney fees, as

4

Defendant does in this case, a district court retains the discretion to either grant or deny the request so long as it provides "some indication as to why it exercised its discretion as it did." *Bridgeport Music, Inc.,* 481 F.3d at 931.

In *Grover*, the Sixth Circuit clarified the general rule that a voluntary and unconditional dismissal without prejudice should not be granted if the defendant would suffer "plain legal prejudice" as a result. The court explained that "[i]n determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.*, 33 F.3d at 718 (additional citations omitted). In *Grover*, the appellate court found plain legal prejudice existed where the plaintiffs had litigated for more than five years before requesting certification to the state court of the question of whether their asserted cause of action even existed under Ohio law. "Defendant resisted certification, but was then forced to invest more time and money presenting the legal issue to the Ohio Supreme Court." *Id.* The Ohio Supreme Court ultimately determined that no such cause of action existed, effectively dictating victory for the defendants. *Id.* at 719. The Sixth Circuit held that under such circumstances - where the defendants had already won their case after extensive and lengthy litigation- the trial court should not have permitted the plaintiffs to simply dismiss without prejudice or payment of defense costs.

In this case, by contrast, analysis of the relevant factors advocates in favor of granting Plaintiffs' motion to dismiss without the imposition of defense costs. This is not a case that has been extensively litigated by the Defendant for many years. The sole court

5

appearance by any party to this litigation was a telephonic scheduling conference. The litigation was pending for only eight months prior to the filing of dispositive motions - fewer than six months from Defendant's answer to the amended complaint. Defendant's pending motion for summary judgment is not of any unusual length or complexity; just 10 of its 18 pages are devoted to legal analysis, including hornbook law such as the summary judgment standard and basic ERISA principles.

In opposing Plaintiffs' motion, Defendant has argued that Plaintiffs waited to move to voluntarily dismiss until *after* Defendant filed his motion for summary judgment. (Doc. 23 at 2). In fact, the primary cases relied upon by Defendant all involve instances in which the defendants had first moved for summary judgment prior to the plaintiff filing a motion to voluntary dismissal. As noted by the Court above, however, Defendant is mistaken about the timing of Plaintiffs' motion in this case. Although both parties' dispositive motions were filed almost simultaneously on the date that dispositive motions were due, Plaintiffs' motion preceded the electronic filing of Defendant's motion by just over two hours. Thus, this is not a case in which Plaintiffs moved to dismiss only after it clearly appeared in the record that Defendant would prevail on the merits. *See, e.g., Grover*, 33 F.3d at 719.

In seeking the imposition of costs as a condition to dismissal, the Defendant also contends that Waldman brought this case in order to "harass, embarrass, and abuse" the Defendant (Doc. 23 at 2). Defendant's primary support for this argument seems to be the fact that Defendant moved for summary judgment. That fact alone, however, is not sufficient to demonstrate vexatious litigation.

Yet another factor to be considered - plaintiffs' explanation of the basis for dismissal - also slightly favors granting Plaintiffs' motion. Although Plaintiffs' original motion was

6

deficient in failing to offer any basis for the dismissal, Plaintiffs remedied that defect in their reply, to which Defendant was permitted to file a sur-reply.  In his sur-reply, Defendant continues to argue that Plaintiffs' asserted basis for dismissal is without merit, and that Plaintiffs unduly delayed filing the motion to dismiss.  Defendant suggests that Waldman's reference re-evaluating his priorities in light of his cancer diagnosis is disingenuous, because Plaintiff was allegedly diagnosed prior to the date this case was removed to federal court, but waited until the close of discovery to file his motion to dismiss.  However, Defendant does not dispute the fact that the time to complete Plaintiff's deposition was extended due to Plaintiff's illness, and the record reflects that Plaintiff moved to dismiss just three weeks after that deposition.  This is not the type of inordinate delay and/or spurious basis for dismissal that calls for the imposition of the sanction of costs and fees.

 Last but not least, Defendant argues that dismissal should be conditioned on Plaintiffs' payment of costs because Defendant incurred most of its legal expenses up front.  Defendant correctly notes that most ERISA disputes are generally resolved on dispositive motions rather than at trial.  What Defendant neglects to mention, however, is that most ERISA cases involve review of claims denials and do not require any discovery, being limited to judicial review of the administrative record.  *See generally Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir. 1998).  Although Plaintiffs' claims in this case assert a breach of fiduciary duty that did require some discovery, the Defendant points only to relatively routine written discovery and a single deposition (of Waldman) as support for "substantial" litigation costs.  In fact, Defendant's motion for summary judgment is predicated primarily upon plan documents and a prior settlement agreement, as well as issues of law - not documents that would have required extensive discovery.

Despite Defendant's characterization of his costs as "substantial," no basis for exorbitant litigation costs appears on the face of the record presented.[3] Defendant fails to fully explain the basis for "substantial" fees, given the relatively short time this suit has been pending, the extremely modest amount in controversy, and the fact that the case was in federal court not due to Plaintiffs' actions but due to Defendant's removal.  *Accord, Luckey v. Butler County*, Civil Case No. 1:05-cv-388-SJD, 2006 WL 91592 (S.D. Ohio Jan. 13, 2006)(granting motion to dismiss without prejudice and without imposing defense costs, absent strong evidence that plaintiff had subjected defendants to significant expense, delay or other prejudice, where case was only months old).

### B. Defendant's Motion for Summary Judgment

Because I conclude that Plaintiffs' motion to dismiss should be granted, it is unnecessary to review Defendant's motion for summary judgment on the merits.  Instead, the Defendant's motion should be denied as moot, without requiring a formal response from Plaintiffs.

### III. Conclusion and Recommendation

In conclusion, the primary reasons provided by Defendant in opposition to Plaintiffs' Rule 41(a)(2) motion all have been adequately refuted by Plaintiffs in their reply memorandum.  The arguments presented in Defendant's sur-reply are insufficient to demonstrate that the imposition of defense costs is warranted as a condition to dismissal without prejudice.  Accordingly, **IT IS RECOMMENDED THAT:**

1. Plaintiffs' motion to dismiss (Doc. 21) be **GRANTED**;

---

[3] Plaintiffs' memorandum references defense costs in excess of $30,000, but the Court has located no specific figures in Defendant's response or sur-reply.

8

      2. Defendant's motion for summary judgment (Doc. 22) be **DENIED AS MOOT**; and that;

      3. This case be **DISMISSED WITHOUT PREJUDICE,** with the parties to bear their own costs.

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LAWRENCE WALDMAN, et al.,          Case No. 1:10-cv-238

    Plaintiffs,                            Dlott, J.
                                          Bowman, M.J.

    v.

KENNETH B. PITCHER,

    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).